09-3523-cr
USA v. Aguilar-Torres

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present:    RALPH K. WINTER,
            GUIDO CALABRESI,
            ROBERT A. KATZMANN,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            - v -                         No. 09-3523-cr

JESUS AGUILAR-TORRES,

                        *Defendant-Appellant.*

_____

| | |
|---|---|
| For Defendant-Appellant: | Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y. |
| For Appellee: | James J. Pastore, Jr., Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jesus Aguilar-Torres appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Baer, *J.*), entered August 6, 2009, following his entry of a plea of guilty to one count of illegally reentering the country following deportation in violation of 8 U.S.C. § 1326. The district court sentenced Aguilar-Torres principally to 36 months' imprisonment. On appeal, Aguilar-Torres challenges his sentence as procedurally unreasonable, asserting that the district court misapprehended its authority to grant a downward departure under Application Note 7 of § 2L1.2 of the United States Sentencing Guidelines. We assume the parties' familiarity with the remaining facts and procedural history of this case.

A district court commits procedural error if it misapprehends "the availability of departure authority." *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005). "In the absence of 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,' we presume that a sentenc[ing] judge understood the scope of his authority." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (quoting *United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir. 2002)). However, if a judge's "remarks create ambiguity as to whether the judge correctly understood an available [sentencing] option," the appellate court should "remand for clarification," unless "the record indicated clearly that the district court would have imposed the same sentence had it had an accurate understanding of its authority." *United States*

*v. Sanchez*, 517 F.3d 651, 665 (2d Cir. 2008) (alteration in original) (internal quotation mark omitted).

The district court's Guidelines calculations included a 16-level increase to the base offense level because Aguilar-Torres had been previously deported after conviction for a felony that is a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Aguilar-Torres requested a downward departure pursuant to Application Note 7 on the ground that his "crime of violence" did not meet the definition of an aggravated felony at 8 U.S.C. § 1101(a)(43) because the sentence for his felony conviction was not for more than one year of imprisonment. *See* U.S.S.G. § 2L1.2 cmt. n.7. The district court responded:

> [T]he 16 level enhancement really does seem a little outrageous to me. . . . [I]t seems like maybe I just need to understand a little more about how the guidelines came to -- the Commission came to that conclusion. But I don't expect you're going to give me any -- in any event, I mean if we look at the guidelines from a simply orthodox viewpoint, there is nothing wrong with these guidelines, and the offense level seems appropriate under the circumstances as does the criminal history category.

A. 50-51.

Here, the district court questioned why the Guidelines impose an enhancement of 16 levels for a prior conviction for a "crime of violence," but it ultimately concluded that the offense level did not substantially overstate the severity of Aguilar-Torres's prior conviction. The district court's remarks were sufficient acknowledgment of its authority to grant the downward departure, since a district court need not "by robotic incantations state 'for the record' . . . that they are aware of this or that arguable authority to depart but that they have consciously elected

not to exercise it." *United States v. Brown*, 98 F.3d 690, 694 (2d Cir. 1996).  Having declined to exercise the departure authority under Application Note 7, the district court nevertheless granted a downward variance and imposed a below-Guidelines sentence based on the factors under 18 U.S.C. § 3553(a).  We conclude, therefore, that the district court's remarks lack the ambiguity that would warrant remand for clarification.  *See Sanchez*, 517 F.3d at 665.  Even assuming, *arguendo*, the district court's remarks evinced some ambiguity, remand would not be appropriate because the district court, having granted a variance, would impose the same sentence.  *Id.*

We have considered Aguilar-Torres's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4