UNITED STATES of America,
Appellee,

v.

Michael STINSON, Defendant–
Appellant.

Docket No. 05–5336–CR.

United States Court of Appeals,
Second Circuit.

Argued: Aug. 29, 2006.

Decided: Sept. 26, 2006.

Frank J. Riccio (Frank J. Riccio II, on the brief), Law Offices of Frank J. Riccio LLP, Bridgeport, CT, for defendant-appellant.

James I. Glasser, Counsel to the United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for appellee.

Before WINTER, CABRANES, and POOLER, Circuit Judges.

PER CURIAM.

Defendant–Appellant Michael Stinson appeals from a September 28, 2005 judgment of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*) convicting him pursuant to a plea of guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and imposing a sentence principally of 51 months of imprisonment.

Stinson argues that (1) the District Court erred in not granting a downward departure under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") §§ 5K2.12 (duress) and 5K2.13 (diminished capacity) and (2) because of these errors, the sentence imposed is not reasonable as required by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

First, Stinson argues that the District Court erred in rejecting his applications for downward departures on the basis of duress and diminished capacity. This challenge is without merit. As was true when the Guidelines were mandatory, we have held in the post-*Booker* sentencing regime that "a refusal to downwardly depart is generally not appealable," and that review of such a denial will be available only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005); *see United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir.2002) (stating pre-*Booker* rule).[1] In the absence of "clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority," we presume that a sentence judge understood the scope of his authority. *Gonzalez*, 281 F.3d at 42. Nothing in the record suggests that the District Court did not understand its authority to grant one or both of the requested departures. Indeed, the record indicates that the District Court considered each of the defendant's requests and, upon finding that defendant did not qualify for either departure, denied the requests with full knowledge of its authority.

Second, Stinson argues that the sentence imposed by the District Court is unreasonable. We find nothing in the record suggesting that the ultimate sentence was not reasonable under the circumstances. Stinson is a repeat offender with several previous convictions for firearm-related crimes. Congress prohibits felons from possessing firearms to protect the public from recidivist criminal conduct. On the other hand, Stinson may have diminished mental capacity, which may have contributed to his criminal behavior by distorting his view of events taking place around him. Upon this record, the District Court's decision to sentence Stinson within the range prescribed by the Guidelines—indeed, at the bottom of the applicable Guidelines range—was reasonable.

The judgment of the District Court is affirmed.

---

1. To the extent that our broad language in *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005) ("Following *Booker*, on sentencing appeals, we review a district court's . . . exercises of discretion with respect to departures for abuse of discretion."), may suggest that a defendant may appeal a sentencing judge's *denial* of a request for a downward departure (as opposed to its decision to grant an upward or a downward departure, which was at issue in *Fuller*) absent evidence that the judge misapprehended his authority, we reaffirm that *Valdez*, which predated *Fuller* and addressed explicitly the issue of whether a denied request for a downward departure could be appealed, provides a correct statement of the law.