**UNITED STATES of America,**
**Appellee,**

v.

**John DRAYTON, Defendant–Appellant.**

**No. 05–4991–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 14, 2006.

Ellen B. Resnick, New York, NY, for Appellant.

Amy Busa, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief, Jo Ann Navickas, Assistant United States Attorney, of counsel), United States Attorney's Office

for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant John Drayton appeals the sentence imposed on him after he pled guilty to illegally reentering the United States after having been deported following conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Judge Johnson sentenced Drayton principally to 71 months of imprisonment, which was within the 57– to 71–month range prescribed by the U.S. Sentencing Guidelines as a result of the uncontested calculations in Drayton's Presentence Investigative Report ("PSR"). We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Drayton first argues that the District Court's sentence was unreasonable in light of the grounds for leniency and a downward departure presented to the District Court. We have jurisdiction to review the District Court's sentence for reasonableness, *see United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), notwithstanding that the sentence imposed was within the applicable Guidelines range, *see United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006).

Upon consideration of the entire record, we conclude that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed in the circumstances presented. Drayton's substantial criminal record and history of recidivism supported a sentence that was at the top of the applicable Guidelines range. To the extent Drayton may be read to object to the District Court's decision not to grant him a downward departure, that claim is foreclosed by our precedent. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006) ("[W]e have held in the post-*Booker* sentencing regime that 'a refusal to downwardly depart is generally not appealable,' and that review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" (quoting *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005))). It is clear from the record in this case that the District Court understood its authority to grant a downward departure, but nonetheless chose not to exercise that authority. The record further indicates that the District Court's downward departure ruling was not tainted by other legal error.

Drayton's brief on appeal also argued that his trial counsel was ineffective for failing to argue that a sentence within the Guidelines range created unwarranted sentencing disparities between districts with a "fast-track" program for unlawful reentrants and districts such as the Eastern District of New York, where Drayton was sentenced, that lack these programs. But Drayton's appellate counsel conceded at oral argument that this argument was foreclosed by an intervening decision of this Court, *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006), which held that "Congress expressly approved of fast-track programs without mandating them; Congress thus necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in [18 U.S.C.] Section 3553(a)(6)," *id.* at 163.

We have considered all of Drayton's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.