**UNITED STATES of America,**
Appellee,

v.

**Juan Francisco Urena CRUZ, also known as James Chisolm,**
**Defendant–Appellant.**

**No. 05–5617–cr.**

United States Court of Appeals,
Second Circuit.

June 14, 2007.

Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY, for Defendant–Appellant.

Elie Honig, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges, and Hon. ERIC N. VITALIANO,\* District Judge.

## SUMMARY ORDER

Defendant-appellant Juan Francisco Urena Cruz appeals a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*), entered on May 31, 2005, sentencing him principally to 70 months' imprisonment upon his plea of guilty to one count of illegally reentering the United States after the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2), and one count of bail jumping, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii). We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

Cruz asserts only that his sentence was substantively unreasonable. We disagree. The District Court analyzed the factors set forth at 18 U.S.C. § 3553(a), including those favoring Cruz, and concluded that a sentence at the bottom of the applicable

---

\* The Hon. Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Sentencing Guidelines range was appropriate in light of Cruz's recidivism. Cruz indeed has a substantial criminal history, including two felony narcotics offenses, an illegal reentry offense, an identity theft offense, and a bail jumping offense. Further, Cruz's bail jumping enabled him to escape prosecution for an additional charge of passport fraud. After jumping bail on that charge, Cruz remained a fugitive for four years, during which time the government failed to preserve the evidence against him and could no longer pursue its case. Given Cruz's repeated transgressions, the District Court acted within its allowable discretion in determining that a bottom-end Guidelines sentence was necessary to promote general and specific deterrence and respect for the law. *See* 18 U.S.C. § 3553(a); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (recognizing that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances"); *see also id.* (noting that in conducting our reasonableness review, we ask only whether the district court exceeded its discretion).[1]

The fact that Cruz may have committed some of his crimes in order to remain with his girlfriend and children and secure employment does not render the sentence unreasonable. The District Court fully considered Cruz's proffered motivations and concluded that the need for deterrence outweighed them. Given Cruz's criminal history, the District Court's conclusion was within reason. *See id.* at 32 ("The weight

to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."). Ultimately, Cruz asks us to substitute our own judgment for that of the District Court, which we cannot do. *Id.* at 27.

Finally, we note that the District Court expressly considered the command of § 3553(a)'s parsimony clause, taking care not to "impose one day more than necessary." In light of the District Court's express consideration of the parsimony clause and our conclusion that the sentence is substantively reasonable, there is no cause for remand. *See United States v. Williams*, 475 F.3d 468, 476–77 (2d Cir. 2007) (affirming sentence where there was "no indication that the District Court actually failed to consider the requirements of the parsimony clause," and noting that in any event, the standard of appellate review is reasonableness).

For those reasons, we AFFIRM the judgment of the District Court.

---

[1] To the extent that Cruz implicitly challenges the District Court's refusal to grant him a downward departure on the ground that his criminal history category over-represents his criminal past, we cannot review that refusal where, as here, the court understood its authority to depart and the sentence is otherwise legal. *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006) (per curiam).