**UNITED STATES of America,**
**Appellee,**

v.

**Rafael ALMONTES, José Adames,**
**Defendants–Appellants.**

**Nos. 06–4819–cr(L), 06–5059–cr(CON).**

United States Court of Appeals,
Second Circuit.

Feb. 29, 2008.

Jeremiah Donovan, Old Saybrook, CT, for Appellant.

Harold H. Chen, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, Sandra S. Glover, Assistant United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, Bridgeport, CT, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

Defendant-appellant José Adames, ("defendant" or "Adames") along with 19 other defendants, was charged on March 17, 2005 with conspiring to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On September 21, 2005, the grand jury returned a superseding indictment naming three additional defendants (one of whom was never apprehended). By May 5, 2006, the morning before jury selection, 18 of the 22 defendants in custody had pleaded guilty. On May 9, 2006, after jury selection and the day before commencement of the government's case-in-chief, defendant pleaded guilty pursuant to a plea agreement which stipulated to a sentencing range, under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), of imprisonment for 210 to 262 months. On October 20, 2006, following a sentencing hearing where the Court denied defendant's motion for a downward departure but granted him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (a), the District Court entered a judgment sentencing defendant principally to a term of 180 months' imprisonment.

Defendant appeals the sentence only. Specifically, defendant argues that the District Court erred in not granting an extra level when granting him a reduction for acceptance of responsibility. We assume the parties' familiarity with the facts and the procedural history of the case.

Generally, the refusal to grant a downward departure is not appealable unless the sentencing court misapprehended the scope of its authority to depart or the sentence is otherwise illegal. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006) ("In the absence of 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,' we presume that a sentenc[ing] judge understood the scope of his authority."(citation omitted)). In this case, the sentencing judge fully understood his authority to downward depart and chose not to do so. His decision to not downwardly depart did not constitute an abuse of discretion let alone an error in law.

Under the Guidelines, the sentencing court may grant a two-level reduction of the offense level upon a finding that "the defendant clearly demonstrates acceptance of responsibility for his offense" and, upon motion by the Government, the court may decrease the offense level by an additional

(third) level. U.S.S.G. § 3E1.1.[1] In this case, no such motion was filed by the Government, and, in view of defendant's delay in pleading guilty, there is no basis for the suggestion that it was bad faith for it not to do so.

## CONCLUSION

We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

---

1. U.S.S.G. § 3E1.1 reads:
   (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
   (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defen-dant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.