**UNITED STATES of America,**
**Appellee,**

v.

**Roger SIEGEL, Defendant–Appellant.**

No. 06–3369–cr.

United States Court of Appeals, Second Circuit.

March 31, 2008.

John Burke, Brooklyn, New York, for Defendant.

Evan C. Williams, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Emily Berger, Assistant United States Attorney, on the brief), Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Roger Siegel appeals from a judgment entered on July 7, 2006 following a jury trial in the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge* ), convicting him of two counts of interstate stalking and sentencing him to 37 months' confinement. Siegel argues that the judge's decision not to interrogate the jury about the possibility of premature discussions was reversible error. He further argues that the District Court erred in declining to grant a downward departure and imposed an excessively long sentence. We assume the parties' familiarity with the remainder of the facts and procedural history.

Siegel first contends that the judge's initial jury instructions, which directed the jury to refrain from discussing the merits of the case or credibility of witnesses but permitted them to discuss other issues, was constitutional error. He further complains that the judge improperly handled possible premature deliberations. We disagree.

█ Siegel did not object to either the judge's preliminary jury instruction or the subsequent jury instruction he gave in response to the alleged discussion of the case. As such, we review for plain error. *See United States v. Thomas,* 377 F.3d 232, 242 (2d Cir.2004); Fed.R.Crim.P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). In considering whether jury instructions were erroneous, we must look at " 'the instructions as a whole to see if the entire charge delivered a correct interpretation of the law.' " *United States v. Bala,* 236 F.3d 87, 94–95 (2d Cir.2000) (quoting *United States v. Carr,* 880 F.2d 1550, 1555 (2d Cir.1989)). The Court should reverse only if erroneous instructions are also prejudicial. *United States v. Goldstein,* 442 F.3d 777, 781 (2d Cir.2006).

█ "We have previously stated that '[i]t has never been the law of this circuit that the trial judge must admonish the jurors not to discuss the case among themselves, although it has been the practice of most of the judges to suggest that it is advisable to refrain from such discussion until the case is concluded.' " *United States v. Abrams,* 137 F.3d 704, 708 (2d Cir.1998) (per curiam) (quoting *United States v. Viale,* 312 F.2d 595, 602 (2d Cir. 1963)). Moreover, we have recognized

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

that "[n]ot every comment a juror may make to another juror about the case is a discussion about a defendant's guilt or innocence that comes within a common sense definition of deliberation." *United States v. Peterson*, 385 F.3d 127, 135 (2d Cir. 2004). Jurors are permitted to have conversations amongst themselves; they must simply steer clear of topics that would prejudice their later deliberations or taint the reasoning of their fellow jurors. *See id.* We find that the District Court's instructions captured this nuance. Furthermore, Siegel has not shown that the instructions prejudiced him. As such, he has failed to demonstrate any reversible error. *Goldstein*, 442 F.3d at 781.

■ Siegel also challenges the District Court's handling of possible premature discussions among the jury. We review a trial judge's handling of juror misconduct for abuse of discretion. *See Abrams*, 137 F.3d at 708. Our cases have emphasized that the "handling of allegations of juror misconduct is entrusted to the sound discretion of the trial court." *United States v. Thai*, 29 F.3d 785, 803 (2d Cir.1994). This discretion includes "broad flexibility," especially when dealing with intrajury conversations rather than external influences. *Id.* at 803. Encompassed in this discretion is the decision whether or not to question jurors to determine more about possible misconduct, because "any such investigation is intrusive and may create prejudice by exaggerating the importance and impact of what may have been an insignificant incident." *Abrams*, 137 F.3d at 708. As a result, we have frequently found no abuse of discretion when judges have declined to investigate allegations of jury misconduct but instead merely reiterated their instructions against premature deliberation. *Id.; Thai*, 29 F.3d at 803. Although we are of course not bound by the Third Circuit's decision in *United States v. Resko*, 3 F.3d 684 (3d Cir.1993), we note nonetheless that it is distinguishable from

the case at bar. In *Resko*, there was clear evidence that the jury violated the directives of the court and the alleged deliberations occurred on the seventh day of a nine-day trial. *Id.* at 687–88. Here, the judge reasonably found that nothing "[his] law clerk overheard was inconsistent with [the prior jury] instruction." In addition, that which was overheard occurred after the first day of trial, before significant evidence had been presented to the jury. Even were *Resko* the law of this Circuit, then, it was well within the District Court's broad discretion to deal with the allegation of premature discussions by simply repeating its earlier instruction.

Siegel's next argument is that the District Court abused its discretion by declining to grant a downward departure due to the identity of the victim. Even post-*Booker*, we have held that " 'a refusal to downwardly depart is generally not appealable,' and that review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.' " *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006) (per curiam) (quoting *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005)).

Here, the evidence demonstrates that the judge was aware that he could depart downwards, but believed that it was inappropriate under the particular circumstances. Although he did not extensively expand on his rejection of the downward departure request, which was based in part on the identity of the victim, he justified the 37–month sentence on the grounds that "a sentence has to be made to deter others and to reflect the seriousness of what he did" as well as "to get him the kind of help that ... he desperately needs and that will be available only by a sentence in the guidelines range." The judge's statements do not make out the

type of "clear evidence" that Siegel must show to overcome the "strong presumption" that the judge understood the scope of his departure authority. On the contrary, it appears that the District Court simply disagreed with defendant's contention that he is less culpable due to his "unusual relationship" with his victim. Accordingly, Siegel's argument on this point fails.

■ Siegel finally argues that the 37–month sentence imposed by the District Court was substantively "unreasonable" and "an abuse of the District Court's sentencing discretion" because it violates the parsimony clause of 18 U.S.C. § 3553(a). The parsimony clause requires that a sentence be "sufficient, but not greater than necessary, to comply with the purposes set forth [in the statute]." 18 U.S.C. § 3553(a). The purposes to be considered include punishment, deterrence, incapacitation, and the provision of necessary medical care "or other correctional treatment." *Id.*

We review a district court's sentence for reasonableness. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Fernandez,* 443 F.3d 19, 25–26 (2d Cir.2006). Because reasonableness review is deferential and does not allow the substitution of our judgment for that of a district court, it is best analogized to abuse of discretion. *Fernandez,* 443 F.3d at 27 ("Thus, when we determine whether a sentence is reasonable, we ought to consider whether the sentencing judge 'exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" (quoting *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005))).

Here, the 37–month sentence was the Guidelines minimum and below the 46–57–month range suggested in the presentence report. The judge stated that "a sentence of 37 months was necessary" to "reflect the seriousness of [the offense]." He also emphasized the need for Siegel to get adequate treatment, which he may not receive with a shorter sentence. He thus made clear his conclusion that the sentence was the minimum necessary to meet the purposes of § 3553(a), and that conclusion is not unreasonable. Siegel's only real objection is that the judge should have believed his "pledge[ ] to avoid contact with [the victims and] to undertake any counseling sessions of psychological treatment directed by the court." It was well within the District Court's discretion to lend little or no weight to the defendant's unsupported "pledge" to avoid contact with the victims and receive medical care. Moreover, by focusing only on the psychological treatment, Siegel ignores that the judge stated that the sentence was also necessary to serve the purposes of punishment and deterrence. For these reasons, we disagree with Siegel's contention that his sentence is unreasonable.

We have considered all the arguments presented by Siegel in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.