**UNITED STATES of America, Appellee,**

v.

**Jared McINTYRE, Defendant–Appellant.**

**No. 07–3200–cr.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

---

Gerald B. Lefcourt, Law Offices of Gerald B. Lefcourt, New York, NY, for Appellant.

David C. James, James G. McGovern, Assistant United States Attorneys, for

Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant Jared McIntyre pleaded guilty to conspiracy to commit arson in violation of 18 U.S.C. § 844, a crime carrying a statutory minimum sentence of 60 months' incarceration. Based on government motions to pursuant to 18 U.S.C. § 3553 and § 5K1.1, the district court sentenced McIntyre to 42 months in prison, a sentence that McIntyre now challenges as unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, we review sentences for "reasonableness," 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range,'" *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States*, — U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: we "must first ascertain whether the sentence was administered without procedural error," *United States v. Williams*, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall*, 128 S.Ct. at 597, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *id.* at 600.

McIntyre argues that the district court committed a procedural error because it misapprehended its authority to reduce his sentence to account for the 18 months that he was confined to his home as a condition of his release on bail pending appeal. McIntyre further argues that his sentence of 42 months' imprisonment is substantively unreasonable. We are not convinced.

### 1. *Procedural Error*

■ McIntyre does not make clear whether he thinks that the district court misapprehended its authority to consider his 18–month home confinement as a ground for (1) downward departure from the Sentencing Guidelines range in his case or (2) the imposition of a non-Guidelines sentence. *See* Appellant's Br. at 18. In either case, we presume that the district court understood the scope of its sentencing authority. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir.2006) (Guidelines authority); *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir.2006) (18 U.S.C. § 3553(a) authority). The district court's statement at sentencing that "you don't get credit for home confinement," Sent. Tr. at 8 (June 21, 2007), does not overcome this presumption because, in context, the statement is fairly understood to comment on the fact that defendant did not merit such credit, not on the court's authority to award it.

The district court explained that it had imposed home confinement on McIntyre as a condition of his release on bail, not as a penalty for the crime of conviction. *See id.* at 3 (observing that home confinement was not "part of ... jail term"); *see also id.* at 8 ("[P]ursuing your studies [during period of home confinement] is not satisfying this judgment that this court imposed."). As a further explanation for the challenged sentence, the district court referenced the seriousness of McIntyre's crime of conviction and the unimpressive quality of his cooperation. *See id.* at 8, 10.

In sum, the district court clearly indicated its considered judgment that nothing less than the challenged 42 months would be "sufficient" to "reflect the seriousness of the offense" of conviction. 18 U.S.C. § 3553(a), (a)(2)(A).

### 2. *Substantive Reasonableness*

■ Based in part on the government's motion for a downward departure under 18 U.S.C. § 3553(a) and U.S.S.G. § 5K1.1, the district court imposed a sentence below the statutory minimum term of 60 months and below the Guidelines range of 46–57 months. Under the circumstances of this case, where McIntyre's arson caused approximately $188,000 in property damage and, by its nature, endangered human lives, this sentence below the statutory minimum and Guidelines generally applicable to similar arson crimes is clearly not substantively unreasonable. *See Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2467, 168 L.Ed.2d 203 (2007) (observing that "where [the sentencing] judge and [the Sentencing] Commission both determine that the Guidelines sentence[ ] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors."); *Jones*, 531 F.3d at 174 (holding that appellate court will not conclude that sentence in unreasonable unless it falls outside "broad range" and "reflect[s] actual abuse of district court's considerable sentencing discretion").

Because the district court committed no procedural error and defendant's sentence was not substantively unreasonable, the judgment of conviction is AFFIRMED.