SUMMARY ORDER
Defendant Michael A. McCaa, who was convicted after a guilty plea of unlawful possession of a firearm by a prior felon, see 18 U.S.C. §§ 922(g)(1) & 924(a)(2), appeals from that portion of the judgment sentencing him to a 70-month term of imprisonment, the low end of his recommended Guidelines range.
In the aftermath of United States v. Booker, we review sentences for “reasonableness,” 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “a deferential standard limited to identifying abuse of discretion regardless of whether a chai- *18 lenged sentence is ‘inside, just outside, or significantly outside the Guidelines range.’ ” United States v. Jones, 531 F.3d 163, 170 (2d Cir.2008) (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first we must “ascertain whether the sentence was administered without procedural error,” United States v. Williams, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is “procedurally sound,” we must “consider [its] substantive reasonableness,” Gall v. United States, 128 S.Ct. at 597, by evaluating “whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported” the sentence imposed, id. at 600. We will “set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision cannot be located within the range of permissible decisions.” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (emphasis and internal quotation marks omitted). In applying reasonableness review to this ease, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
On appeal, McCaa raises a single argument: that, considering the circumstances of his two prior felony offenses and his personal situation, the sentence imposed was greater than necessary to achieve § 3553(a)(2)’s stated purposes.
The argument fails for two reasons. First, to the extent McCaa’s argument faults the district court for not granting his request for a downward departure within the sentencing scheme established by the Guidelines, that decision is unreviewable on appeal because there is no record evidence that the district court misapprehended its authority on this point.’ See United States v. Stinson, 465 F.3d 113, 114 (2d Cir.2006) (re-affirming post-Booker that “a refusal to downwardly depart is generally not appealable, and that review of such a denial will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal” (internal quotation marks omitted)).
Second, to the extent McCaa challenges the substantive reasonableness of his sentence by reference to the parsimony clause, his argument is equally unconvincing. Although McCaa faults the district court for failing to “refer to the parsimony clause,” Appellant’s Br. at 11, the record is to the contrary. The district court was “very mindful” of its duty to impose a sentence “that is just but not greater than what is needed to achieve the goals of sentencing.” Sentencing Tr. at 17. To achieve that goal, the district court considered the factors specified in § 3553(a), including “the nature and circumstances” of McCaa’s crime and his personal history and characteristics. Id. at 18. It explained that a prison sentence of at least 70 months was appropriate because, among other things, (1) a previous five-year sentence in state custody had not been sufficient to deter McCaa from criminal conduct; and (2) McCaa committed the instant offense even while on state parole. Nevertheless, the court found that no more severe sentence was necessary because McCaa’s family situation warranted consideration. In light of those considerations, the district court’s sentence at the low end of the Guidelines fell comfortably within the “range of permissible decisions” committed to its discretion. United States v. Cavera, 550 F.3d at 189; see also Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).
The judgment is AFFIRMED.