09-5002-cr
United States v. Roseboro

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand ten.

PRESENT:  JOSEPH M. McLAUGHLIN,
　　　　　 REENA RAGGI,
　　　　　 GERARD E. LYNCH,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　No. 09-5002-cr, 09-5136-cr

MICHAEL A. ROSEBORO, a.k.a. Mike Rose,
a.k.a. Michael Rosenborough, a.k.a. Mike Ross,
a.k.a. Michael Smith, a.k.a. Michael Johnson,
　　　　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT:　　　　Jonathan Svetkey, Watters & Svetkey, LLP, New York, New York.

FOR APPELLEE:　　　　Antonia M. Apps, Assistant United States Attorney (Jesse M. Furman, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on November 30, 2009, is AFFIRMED.

Defendant Michael Roseboro pleaded guilty to conspiratorial and substantive counts of access device fraud, see 18 U.S.C. § 1029(a)(5), (b)(1), (b)(2), and to one count of aggravated identify theft, see id. § 1028A. On appeal, Roseboro challenges the reasonableness of his November 25, 2009 sentence to concurrent prison terms of 92 months on the access device counts and a consecutive term of 24 months on the identify theft count, three years' supervised release, $1,749,065 in restitution, and $300 in special assessments. In assessing such a challenge, our standard of review is abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Criminal History Category

Roseboro submits, and the government concedes, that the district court committed procedural error in attributing criminal history points to Roseboro's November 25, 1992 conviction for second degree menacing, see U.S.S.G. § 4A1.2(e); id. § 4A1.2(k)(2), which resulted in a Criminal History Category VI and a Guidelines sentencing range of 116 to 139 months, rather than 108 to 129 months as would apply at Criminal History Category V. Because Roseboro did not raise this objection below and, in fact, conceded that the

Guidelines calculation was "technically . . . correct," Sentencing Tr. at 4, we review only for plain error, see United States v. Dorvee, 616 F.3d 174, 179-80 (2d Cir. 2010), and we identify none here.

Specifically, we discern no adverse effect on Roseboro's substantial rights from the conceded error so as to require re-sentencing. Roseboro's sentence of 116 months' imprisonment falls squarely within both Guidelines ranges. Moreover, in denying Roseboro's application for a downward departure, the district court made clear that whether it applied Criminal History Category V or VI, it would impose the same sentence based on "the seriousness of the crimes and the impact on the victims." Sentencing Tr. at 12. Accordingly, because the conceded error did not affect Roseboro's substantial rights, no remand is warranted. See United States v. Diaz, 176 F.3d 52, 118 (2d Cir. 1999); United States v. Keppler, 2 F.3d 21, 24 (2d Cir. 1993); United States v. Arigbodi, 924 F.2d 462, 464 (2d Cir. 1991).

### 2. Denial of Downward Departure

Roseboro also faults the district court for denying his application for a downward departure in his Criminal History Category. See U.S.S.G. § 4A1.3(b). Such a decision "is generally not appealable," except where the record indicates a sentencing court's misapprehension as to the scope of its departure authority or an otherwise illegal sentence. United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006); United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). That is not this case. Nothing in the record suggests that the district court did not appreciate its authority to downwardly depart. To the contrary, it

3

expressly referenced Roseboro's request for a downward departure and indicated that it was "not persuaded" that the grounds suggested by Roseboro were "either sufficiently convincing or compelling to warrant a downward departure." Sentencing Tr. at 11-12. Further, as we have already ruled, any error in the calculation of Roseboro's Criminal History Category was harmless because the district court plainly stated that it would have imposed the same sentence "in any event." Id. at 12; see United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009).

3.     Substantive Reasonableness

To the extent Roseboro challenges the substantive reasonableness of his sentence, he bears a heavy burden because we will set aside a sentence on that ground only if it "cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see also United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that "in the great majority of cases, a range of sentences – frequently extending well beyond the narrow ranges prescribed by the Guidelines – must be considered reasonable"). Such cases are "exceptional." United States v. Cavera, 550 F.3d at 189. This is not one of them.

Here, the district court properly considered all the 18 U.S.C. § 3553(a) factors, taking particular note of the "seriousness of the crimes and the impact on the victims," which the court characterized as "serious and extensive," as well as the "history and characteristics of the defendant." Sentencing Tr. at 10, 12. Roseboro faults the court for failing to consider mitigating circumstances concerning his age, upbringing, drug use, nature of prior criminal conduct, and conditions of pretrial confinement. The record belies this claim. In imposing

4

sentence, the district court stated that it had reviewed Roseboro's submissions and arguments detailing these circumstances, which were reiterated by defense counsel at sentencing, but found that they did not justify a lower sentence. This was sufficient to discharge the district court's procedural obligations under § 3553(a) with respect to these issues. See United States v. Cavera, 550 F.3d at 193; United States v. Fernandez, 443 F.3d 19, 29-31 (2d Cir. 2006). To the extent Roseboro asserts that the district court erred in failing to assign more weight to mitigating circumstances, our task is to determine not what weight we might have assigned, but whether the weight assigned by the district court was reasonable under the "totality of the circumstances." United States v. Cavera, 550 F.3d at 190. We conclude that it was and that "the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d at 32.

4.      Conclusion

We have considered Roseboro's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5