11-3114-cr
United States v. Barnes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                   *Circuit Judges*,
           LAURA TAYLOR SWAIN,
                   *District Judge*.[*]

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA
                   *Appellee*,

                   v.                                    No. 11-3114-cr

TYRONE BARNES,
                   *Defendant-Appellant*.
-----------------------------------------------------------------------------------

FOR APPELLANT:        Curtis J. Farber, Esq., New York, New York.

FOR APPELLEE:         Amy Lester, Telemachus P. Kasulis, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

---

[*] Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 28, 2011, is AFFIRMED.

Tyrone Barnes, who was convicted following a guilty plea to substantive and conspiratorial heroin trafficking, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (C), 846, challenges his 210-month prison sentence, representing the low end of his 210-to- 262-month Sentencing Guidelines range, on the grounds that (1) the district court erred in calculating his Guidelines range by relying on its finding that Barnes conspired to distribute between three and ten kilograms of heroin; (2) the district court committed procedural and substantive error by denying Barnes a downward departure from the Guidelines range; and (3) the 210-month sentence is substantively unreasonable in light of Barnes's strong ties to his family and community. We review Barnes's sentence under a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Drug Quantity

A sentence infected by erroneous factfinding will be deemed procedurally unreasonable. See Gall v. United States, 552 U.S. at 51; accord United States v. Cavera, 550 F.3d at 190. We review challenged factfinding as to drug quantity only for clear error, see United States v. Watkins, 667 F.3d 254, 261 (2d Cir. 2012), which we do not identify here.

2

Where the amount of drugs seized from a defendant at the time of arrest—in this case, 399 bags of heroin, weighing a total of 37 grams—plainly does not represent the full scope of the charged crime, a district court may "approximate the quantity of the controlled substance" at issue in the conspiracy by considering, among other factors, "similar transactions in controlled substances by the defendant." U.S.S.G. § 2D1.1 cmt. n.12. Such an approximation need only be supported by a preponderance of the evidence. See United States v. Jones, 531 F.3d 163, 176 (2d Cir. 2008). Here, the district court's finding that Barnes conspired to distribute a quantity of heroin that more likely than not exceeded three kilograms found support in evidence that (1) at the time of arrest, Barnes boasted that only the day before he had possessed 1,000 bags of heroin, with a total weight of approximately 100 grams, or 1/10 a kilogram on a single day; (2) at his guilty plea, Barnes admitted to conspiring to distribute more than one kilogram of heroin, the minimum quantity charged, see 21 U.S.C. § 841(b)(1)(A); (3) co-conspirator Charmaine Douthett testified that once or twice a week in 2008 or 2009, she had obtained fifty to one hundred bags of heroin from Barnes for distribution, which the district court reasonably estimated totaled more than one kilogram of heroin distributed by this single confederate; (4) co-conspirator Luis Bonilla testified that over ten years he bought heroin from Barnes for his personal use on at least fifty occasions, and over a two-day period in the early 1990s and again in 2009 he acquired 300 bags of heroin from Barnes for resale; and (5) Douthett and Bonilla identified "Little Man," "Preacher," and "Chichi" as other conspirators who regularly sold heroin for Barnes throughout the 14-year drug conspiracy, which the district court reasonably found, based on Douthett's experience,

3

"surely" meant that each had "also sold a kilogram" of heroin over the course of the conspiracy.

Insofar as Barnes argues that the evidence did not show that the conspiracy distributed heroin continuously between 1995 and 2009, no such finding was required to support the challenged drug quantity determination, particularly in light of Douthett's testimony that she distributed more than a kilogram in no more than two years toward the conspiracy's end. As for the district court's decision to credit Douthett's testimony that she sold Barnes's heroin exclusively in that two-year period, the district court was best situated to make this credibility assessment, and we are hardly "left with the definite and firm conviction that a mistake has been committed," as is necessary for us to identify clear error. United States v. Cuevas, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted).

In sum, because the district court's drug quantity finding was supported by record evidence and was not derived from impermissible speculation or conjecture, see United States v. Shonubi, 998 F.2d 84, 89–90 (2d Cir. 1993), we reject this procedural challenge as without merit.

2.    Departure

Barnes contends that the district court erred in not granting him a downward departure on the ground that his criminal history category over-represented the seriousness of his past crimes. See U.S.S.G. § 4A1.3(b)(1). We disagree. Review of the denial of a downward departure motion is "available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." United States v. Stinson, 465 F.3d

4

113, 114 (2d Cir. 2006) (internal quotation marks omitted). "In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of [her] departure authority," we presume a correct understanding of this authority. Id. Here, Barnes does not contend, much less point to clear evidence, that the district court misunderstood its departure authority or imposed an illegal sentence. He simply disagrees with the district court's reasoning in rejecting his argument that Criminal History Category II overstated the seriousness of his two prior convictions. This is an assessment entrusted to the discretion of the sentencing court, and not a basis for the identification of a procedural error on appeal.

3.      Community Ties

Barnes submits that the district court's failure to give more mitigating weight to the strength of his ties to his family and the community renders his Guidelines sentence substantively unreasonable. See 18 U.S.C. § 3553(a)(1) (listing "the history and characteristics of the defendant" as one factor for court to consider at sentencing). In reviewing a sentence for substantive reasonableness, "we do not consider what weight we would ourselves have given a particular factor," but consider only "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of the circumstances in this case." United States v. Cavera, 550 F.3d at 191. We conclude that the district court, which acknowledged the strength of Barnes's family and community ties, was not required to give greater weight to this factor, and that Barnes's 210-month sentence, which represents the bottom of his Guidelines range, fits comfortably within the range of permissible sentencing decisions. See id. at 189.

5

4.      Conclusion

We have considered Barnes's remaining arguments on appeal and conclude that they

are without merit.  The judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court