UNITED STATES of America,
Appellee,

v.

Daniel GUERRERO, aka El Grande,
Ramon Fabre, aka Justo Armand–Roman, aka R, Juan Pabel Fernandez–Disla, Jerlyn Guerrero, Gilberto Morales, aka Pelon, Kevin Wade Nelson,
Defendants,

Hector Delgado, aka Compi,
Defendant–Appellant.

No. 11–4489–cr.

United States Court of Appeals,
Second Circuit.

Feb. 4, 2013.

Andres M. Aranda, New York, NY, for Appellants.

Eugene Ingoglia (Andrew L. Fish, on the brief), Assistant United States Attorneys, of counsel for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: CHESTER J. STRAUB, PETER W. HALL, CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Defendant Hector Delgado (Delgado) pled guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 864, and was sentenced to, *inter alia,* a term of 128 months' imprisonment to be followed by five years' supervised release. He now appeals the procedural reasonableness of the district court's sentencing decision contending first that he should have been granted a downward departure under U.S.S.G. § 5K2.0 for mitigating circumstances and second, that he was entitled to be sentenced without reference to the mandatory minimum because he met the safety-valve requirements under U.S.S.G. § 5C1.2. We assume the parties' familiarity with the relevant factual background and procedural posture of this case.

### Discussion

We review a district court's sentencing decisions under a "deferential abuse-of-discretion standard," which encompasses both procedural and substantive review. *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (quoting *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range[,] ... makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Cavera,* 550 F.3d at 190. "In general, we are 'entitled to assume that the sentencing judge understood all the available sentencing options, including whatever departure authority existed in the circumstances of the case.'" *United States v. Sanchez,* 517 F.3d 651, 665 (2d Cir.2008) (quoting *United States v. Rivers,* 50 F.3d 1126, 1131 (2d Cir.1995)). If no procedural error has occurred, this court will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Rigas,* 583 F.3d 108, 122 (2d Cir.2009) (quoting *Cavera,* 550 F.3d at 189).

We turn first to Delgado's claim that the district court erred by refusing to downwardly depart in light of exceptional circumstances. It is clear that, "in the post-*Booker* sentencing regime ... a refusal to downwardly depart is generally not appealable, and that review of such a denial will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson,* 465 F.3d 113, 114 (2d Cir.2006) (internal quotation omitted). "In the absence of 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority,' we presume that a sentence judge understood the scope of his authority." *Id.* (quoting *United States v. Gonzalez,* 281 F.3d 38, 42 (2d Cir.2002)).

Under U.S.S.G. § 5K2.0, a sentencing court may downwardly depart from the

guidelines range where the case presents mitigating circumstances that are of a kind or present to a degree not adequately taken into consideration by the guidelines calculation. *See* U.S. S.G. § 5K2.0(a). Here, Delgado asserts that he should have been granted a downward departure because of the torture and murder of his brother-in-law by criminal gangs in Mexico, which occurred after his arrest and was allegedly conducted for the purpose of intimidating the defendant. On the record, it is clear that the district court considered this factor in imposing Delgado's sentence but declined to depart downward on the basis of these events, which the court deemed attributable at least in part to Delgado. There is no showing that the district judge misapprehended his authority in so doing, and thus, on the record before us, there is no reason to vacate the sentence on this ground. *See Stinson*, 465 F.3d at 114.

Delgado next argues that the district court improperly found that he was a manager or supervisor within a drug distribution organization and he would therefore not qualify for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The parties in this case submitted a stipulated set of facts in lieu of asking for an evidentiary hearing; they argued from those facts before the sentencing court. Based on the stipulated facts, and after hearing argument, the district court determined that a sentence enhancement under U.S.S.G. § 3B1.1(b) was warranted because Delgado was a manager or supervisor. For that reason, the district court determined, Delgado was not eligible for relief from the ten-year mandatory minimum sentence. *See* 18 U.S.C. § 3553(f)(4).

U.S.S.G. section 3B1.1(b) allows for an increase in a defendant's offense level if "the defendant was a manager or supervisor (but not an organizer or leader under § 3B1.1(a)) and the criminal activity involved five or more participants or was otherwise extensive." *United States v. Blount*, 291 F.3d 201, 217 (2d Cir.2002) (internal quotation omitted); U.S.S.G. § 3B1.1(b). Under that guideline, "[a] defendant may properly be considered a manager or supervisor if he 'exercise[d] some degree of control over others involved in the commission of the offense ... or play[ed] a significant role in the decision to recruit or to supervise lower-level participants.'" *Id.* (internal quotation omitted); *see also United States v. Hertular*, 562 F.3d 433, 448–49 (2d Cir.2009). It is sufficient, under this provision, for the defendant to have managed or supervised one other participant in the conspiracy. *United States v. Al–Sadawi*, 432 F.3d 419, 427 (2d Cir.2005). This court applies a *de novo* standard of review when the district court's application of the § 3B1.1 enhancement presents primarily a legal question on appeal, and a "clearly erroneous" standard where the question presented is primarily a factual one. *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir.2006). The reviewing court, in reaching its decision, must "give due deference to the district court's application of the guidelines to the facts." *Blount*, 291 F.3d at 214 (internal quotation marks omitted).

■ Here, the district court concluded that Delgado had brought at least one other person into the conspiracy and that rather than being a "glorified mule," as the defense contends, Delgado instead was "a logistical coordinator" connecting the cocaine suppliers in Mexico with the distributors in New York. On appeal Delgado challenges the factual basis for the district court's decision. Consequently we review only for clear error. *See e.g., Gotti*, 459 F.3d at 349. The record on appeal demonstrates that the district court's decision

was well grounded in the facts before it and was supported by a preponderance of the evidence. *See United States v. Brinkworth*, 68 F.3d 633, 641 (2d Cir.1995).

In light of the text and commentary interpreting U.S.S.G. § 3B1.1, which only require a defendant to have supervised one other person, and the stipulations by the parties with respect to the recruitment of another member of the conspiracy, we must defer to the district court's finding of the relevant facts and application of the clear terms of the guidelines to those facts. *Al–Sadawi*, 432 F.3d at 427 (finding that supervision of one other person is sufficient to support a § 3B1.1 enhancement); *see also* U.S.S.G. § 3B1.1 & cmt. n. 2 ("An upward departure may be warranted ... in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."). The district court's determination was not clearly erroneous. We decline to vacate the defendant's sentence on this ground.

### Conclusion

We have considered all of Delgado's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.