United States v. Gabbidon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                              No. 13-4808

PAULETTE M. GABBIDON, a/k/a Paulette Hibbert, a/k/a Paulette Webb, a/k/a Alliyah Adstroy, a/k/a Alliyah Hibbert,

> *Defendant-Appellant.*

---

For Defendant-Appellant:         Laurie S. Hershey, Manhasset, NY.

For Appellee:                    Rebecca Mermelstein, Brent S. Wible, Assistant
                                 United States Attorneys, *for* Preet Bharara, United

1

States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Paulette Gabbidon appeals a judgment of conviction and sentence entered by the United States District Court for the Southern District of New York (Karas, *J.*) on December 20, 2013. Following her guilty plea to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and thirteen counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, the district court sentenced Gabbidon to ninety months' incarceration and thirty-six months' supervised release and required her to pay restitution. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our ruling.

Gabbidon challenges only the substantive reasonableness of the ninety-month term of imprisonment imposed by the district court. "[O]ur substantive review of a sentence is akin to review under an 'abuse-of-discretion' standard," *United States v. Park*, 758 F.3d 193, 199 (2d Cir. 2014) (per curiam), under which "[w]e will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "The length of a sentence is outside the range of permissible decisions when 'affirming it would damage the

2

administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *Park*, 758 F.3d at 200 (quoting *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013)).

The district court imposed its below-Guideline sentence after weighing each of the mitigating factors that Gabbidon raises on appeal and concluding that her request for a non-incarcerative sentence would be insufficient in light of her role in this serious and large-scale fraud. In particular, the district court accepted the defendant's proposition that her medical condition is highly relevant for sentencing, but noted that her conditions are either treatable within the prison environment or are exacerbated by her own noncompliance with doctors' orders. In light of the district court's appraisal of Gabbidon's leadership role in the offense, the seriousness of the fraud, and the need for general deterrence, we find no abuse of discretion in the court's sentence.

Moreover, we discern no clear evidence in the record that the district court misapprehended the scope of its authority to further depart from the Guidelines range in light of potentially overlapping enhancements. *See United States v. Lauersen*, 348 F.3d 329, 344 (2d Cir. 2003). Consequently, the district court's decision not to depart from the Guidelines range on the basis of overlapping enhancements is not subject to review on appeal. *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam).

We have considered Gabbidon's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3