*United States v. Knowles*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                                                No. 19-852

DONALD KNOWLES,

> *Defendant-Appellant.*

———————————————————————

FOR APPELLEE:                          ANDREY SPEKTOR (Jo Ann M. Navickas, Margaret E. Gandy, *on the brief*) Assistant United States Attorneys, Of Counsel, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:                    JOSEPH GENTILE, Frankie & Gentile, P.C.,
                                            Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 2, 2019, is **AFFIRMED**.

Defendant-Appellant Donald Knowles appeals from a judgment entered by the District Court after he pleaded guilty without a plea agreement to one count of unlawful possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The District Court sentenced Knowles primarily to 60 months' imprisonment. Knowles timely appealed, raising challenges to his sentence.

Knowles accepts that application of the U.S. Sentencing Guidelines resulted in a sentencing range of from 57 to 71 months based on a Total Offense Level of 21 and Criminal History Category of IV. He challenges, however, the District Court's refusal to make two discretionary downward departures. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Unlike many sentencing challenges, "a refusal to downwardly depart is generally not appealable." *United States v. Cuevas*, 496 F.3d 256, 268 (2d Cir. 2007) (internal quotation marks omitted). Rather, courts of appeals typically have no jurisdiction to entertain such claims. Only in certain circumstances may such a refusal be subject to appeal: "Claims that the district court erred in refusing to depart are not cognizable on appeal in the absence of substantial indication that the district judge believed she lacked authority to depart or an indication that a violation of the law occurred." *United States v. Jackson*, 658 F.3d 145, 153-54 (2d Cir. 2011); *see also United States v. Scott*, 387 F.3d 139, 143 (2d Cir. 2004) (holding that a district court's sentencing decision is appealable for procedural error "where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the

2

refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart" (internal quotation marks omitted)). Our practice is to presume that the district court understood its authority unless the record contains evidence suggesting the contrary: "In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentence judge understood the scope of his authority." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (internal quotations marks omitted).

Knowles argues first that the District Court erred in declining to depart downwardly under the authority of U.S.S.G. § 5H1.4 based on evidence that Knowles suffers from pain arising from a jaw injury and related surgery in 2013, pain that additional surgery in 2018 was not able to eliminate fully. Section 5H1.4 provides that "[a]n extraordinary physical impairment may be a reason to depart downward. . . ." The District Court's sentencing memorandum reflects beyond doubt, however, that it understood the relevant facts and determined that they did not warrant a downward departure. We perceive no risk that the District Court misunderstood its authority here. We are therefore not free to review its decision not to depart downwardly from the Guidelines range.

Knowles next contends that the District Court erred in declining to depart downwardly under the authority of U.S.S.G. § 4A1.3(b)(1). Section 4A1.3(b)(1) provides that, "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." Knowles contends that a Criminal History Category of IV overstates the seriousness of his criminal record. The District Court analyzed this argument, too, in its sentencing memorandum and declined to depart. Knowles points to no evidence that the District Court misperceived its authority under section 4A1.3(b)(1) either. *See United States v. Desena*, 260 F.3d 150, 159 (2d Cir. 2001) (holding that a district court's denial of motion to downwardly depart under U.S.S.G. § 4A1.3 is not appealable where there was "no indication that [the district court] mistakenly believed [that it] lacked the authority to depart as a matter of law"). Therefore this decision, too, is not subject to our review.

3

* * *

We have considered all of Knowles's remaining arguments and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court