10-0565-cr
USA v. Olaiya

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

Present:   ROBERT D. SACK,
           ROBERT A. KATZMANN,
           BARRINGTON D. PARKER,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

                     - v -                    No. 10-0565-cr

BOLAJI OLAIYA,

                     *Defendant-Appellant.*

_____

For Defendant-Appellant:       ARZA FELDMAN, Feldman and Feldman, Uniondale, N.Y.

For Appellee:                  CHI T. STEVE KWOK, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southerrn District of New York

    Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Bolaji Olaiya ("Olaiya") appeals from a February 17, 2010 judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), following a guilty plea, convicting him of conspiring with others to distribute and possess with the intent to distribute more than one kilogram of mixtures and substances containing a detectable amount of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846, and sentencing him principally to 87 months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

First, Olaiya contends that his sentence was procedurally unreasonable because the district court mistakenly believed that the defendant's prior untruthfulness precluded it from granting him a downward departure for his attempted cooperation. A district court's sentence is reviewable for "reasonableness" under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court commits "procedural error" where it "treats the Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *Cavera*, 550 F.3d at 190. Review of a district court's refusal to depart downwardly is available only where a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal. *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (*per curiam*). Under section 3553(a)(1), district courts should consider "the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1." *United States v. Fernandez*, 443 F.3d 19, 33 (2006).

2

The record clearly indicates that the district court fully appreciated its authority to depart from the Guidelines and that it considered Olaiya's cooperation but declined to grant a departure due to his history of dishonesty and lack of respect for the rule of law. At no point did the district court suggest that it was constrained to impose a Guidelines sentence. Instead, the court specifically found that a Guidelines sentence was "appropriate, reasonable and just" and that the defendant was "certainly not worthy of any downward departure." Supplemental App. 69, 70. Additionally, the court directly addressed Olaiya's contention that he had attempted to, but been unable to cooperate with the government, explaining that Olaiya's "misrepresent[ations]" could not be excused since "[h]e knew that he had an obligation to be honest with the government and he was not." *Id*. at 68. Finally, the Court found that Olaiya's continued contacts with one of his co-conspirators after his arrest further demonstrated a lack of "respect for the rule of law" that, considering the § 3553(a) factors, rendered him "not worthy of any downward departure. *Id*. at 69.

We turn next to Olaiya's assertion that, in light of his efforts to cooperate with the government and his lack of a criminal record, his sentence was substantively unreasonable. An appellate court may set aside a district court's substantive determination only in exceptional cases where the trial court's decision "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (quotation marks omitted). "Generally, '[i]f the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor.'" *United States v. Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009) (alteration in original) (quoting *Fernandez*, 443 F.3d at 34).

3

The district court's sentence is not substantively unreasonable.  At sentencing, the district court referenced the "serious" nature of Olaiya's crime given the large amount of heroin involved and found that "a sentence within the guideline range . . . will fulfill the purposes of specific . . . and general deterrence."  Supplemental App. 67, 70.  Furthermore, the record indicates that the district court considered both Olaiya's lack of a criminal record and his attempts to cooperate with the government.  Accordingly, we conclude that the district court's sentence can "be located within the range of permissible decisions."  *Cavera*, 550 F.3d at 189 (quotation marks omitted).

We have considered Olaiya's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4