10-4379-cr
USA v. Morgan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

Present:
        ROBERT A. KATZMANN,
        JON O. NEWMAN,
        RALPH K. WINTER,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

           v.                      No. 10-4379-cr

EUGENE MORGAN,

        *Defendant-Appellant*,

_____

For Appellee:                  IRIS LAN, Assistant United States Attorney (Steven C. Lee, Brent S. Wible, Assistant United States Attorneys, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

For Defendant-Appellant:       ROBERT A. CULP, Garrison, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Eugene Morgan appeals from the October 19, 2010 judgment of the district court, following a guilty plea, convicting him of using extortionate means to collect an extension of credit from a debtor in violation of 18 U.S.C. § 894. The district court sentenced him to 24 months' imprisonment, followed by two years' supervised release, and imposed forfeiture in the amount of $90,000 and a $100 mandatory special assessment. On appeal, Morgan argues that his sentence is procedurally unreasonable because the district court purportedly (1) applied a presumption in favor of a Guidelines sentence, (2) relied on a mistaken assumption that Morgan had benefitted from a "safety-valve adjustment" in rejecting his arguments for a below-Guidelines sentence, and (3) issued its sentence without addressing unresolved factual questions regarding whether Morgan was under duress when he committed his crime. Morgan further argues that his sentence is substantively unreasonable for the same reasons. We assume the parties' familiarity with the facts and procedural history of this case.

We review all sentences using a "deferential abuse-of-discretion standard."[1] *United*

---

[1] The government argues that where, as here, a defendant has not preserved a claim of procedural unreasonableness, "rigorous plain error analysis is appropriate." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). However, although *Villafuerte* holds that plain error review applies to unpreserved procedural challenges to a sentence, "this court has not determined whether the same conclusion applies to unpreserved substantive challenges to a sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (emphasis omitted). Accordingly, because the defendant asserts that his sentence was both procedurally and substantively unreasonable, and because we conclude that defendant's procedural challenges fail under any standard of review, *see id.* at 128, we review the procedural and substantive elements of the defendant's sentence for abuse of discretion.

*States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence and reverse only when the district court's sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We turn first to Morgan's argument that his sentence is procedurally unreasonable on the ground that the district court, by issuing a Sentencing Opinion setting forth its initial views in advance of Morgan's sentencing, in effect applied a presumption in favor of a Guidelines sentence. This argument is without merit. Consistent with the district court's individual rules, Morgan was free to submit a sentencing memorandum at any point two weeks in advance of sentencing. Having received no such memorandum, the district court issued the Sentencing Opinion two days in advance of the hearing. The Sentencing Opinion expressly noted that "[t]he terms of this sentence are subject to modification at the sentencing hearing," App. 41, at which point Morgan and his counsel were afforded the opportunity to present any arguments they wished. App. 45-49. Moreover, the procedure employed by the district court is not unprecedented and has in fact been sanctioned by this Court, albeit in dicta. In *United States v. Labbe*, 588 F.3d 139 (2d Cir. 2009), this Court concluded that it was procedural error for the district court to deny the defendant a minor-role adjustment it had contemplated granting in a

3

preliminary sentencing opinion without providing the defendant with notice and an opportunity to oppose the contemplated change. *Id.* at 140. However, in remanding the case, this Court stated that it had "no desire to inhibit the commendable practice of issuing an indication of a likely sentence in advance of a sentencing hearing." *Id.* Indeed, we commented that the "issuance of a sentencing opinion shared [the district court's] tentative view with the parties and usefully focused [the parties'] attention on matters worthy of dispute by written submission or oral presentation." *Id.* at 143. Accordingly, there is no merit to Morgan's argument that the district court's preliminary Sentencing Opinion created a presumption in favor of a Guidelines sentence.

We turn next to Morgan's argument that his sentence is procedurally unreasonable because the district court purportedly relied on a mistaken assumption that Morgan had benefitted from a "safety-valve adjustment" in rejecting Morgan's arguments for a below-Guidelines sentence. While the district court did mistakenly refer to an "escape clause" at sentencing, App. 52, the record establishes that the district court's momentary error did not affect its sentencing decision. In the Sentencing Opinion, the district court properly calculated the applicable Guidelines range without any reference to a safety valve. At sentencing, while discussing the hardship that Morgan's incarceration would place on his wife, the district court commented that because Morgan "had the benefit of an escape clause," he had avoided a "much steeper" sentence. App. 51-52. After the Government promptly called the district court's attention to the mistake, the district court acknowledged the error, thanked the Government for clarifying the record, and declined to modify the sentence. In this case, therefore, unlike cases in which ambiguous comments by the district court created questions as to whether it understood its sentencing options, *see United States v. Preacely*, 628 F.3d 72, 81 (2d Cir. 2010); *United States*

4

*v. Sanchez*, 517 F.3d 651, 666 (2d Cir. 2008), there is no evidence that the district court's momentary error influenced its decision. To the contrary, the fact that the district court made no mention of an "escape clause" in its Sentencing Opinion and immediately corrected its error during the hearing confirms that the district court was under no misconception as to whether the safety valve applied when it ultimately imposed its sentence.

Morgan's next contention, that the district court failed to consider unresolved factual questions concerning whether Morgan was under duress when he committed his crime, is similarly unavailing. Although the legal basis for Morgan's challenge is somewhat unclear, his argument could be construed as a motion for a downward departure under the Guidelines or as a request for a variance from the applicable Guidelines range pursuant to Section 3553(a). A motion for a downward departure may be reviewed on appeal only "when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (citation and internal quotation marks omitted). Nothing in the record here suggests the district court failed to understand its authority to grant the requested departure.

Insofar as Morgan's duress claim could be construed as a request for a variance from the applicable Guidelines range pursuant to Section 3553(a), the district court considered Morgan's arguments regarding duress at the sentencing from both parties. Although the district court did not discuss the facts the parties offered in relation to the duress claim, he implicitly rejected them and instead focused on the hardship Morgan's wife would suffer as the result of Morgan's incarceration. No more was required. *See United States v. Fernandez*, 443 F.3d 19, 30, 33 (2d Cir. 2006) (stating that this court "will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because []he . . . did not expressly parse or address

5

every argument relating to those factors that the defendant advanced" and that "[t]he absence of explicit discussion of [a defendant's] specific argument . . . does not overcome our strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors"). Thus, Morgan's argument that the district court committed procedural error in failing to make explicit factual findings related to his duress claim is without merit.

Finally, we consider Morgan's claim that the district court's sentence is substantively unreasonable. "Where, as here, we have identified no significant procedural error, [we then] consider[] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Rigas*, 583 F.3d 108, 121-22 (2d Cir. 2009) (internal quotation marks omitted). We will set aside a district court's substantive determination only in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 122 (internal quotation marks omitted). While this Circuit has not adopted a presumption that sentences within the Guidelines range are reasonable, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27.

Morgan concedes his "arguments for substantive unreasonableness are largely the same as those for procedural unreasonableness." Def. Br. 28. Because the district court committed no procedural error in this case, Morgan's argument that the district court's sentence is substantively unreasonable lacks any foundation. Taking all of the Section 3553(a) factors into account and considering Morgan's arguments at sentencing, the district court, consistent with the PSR, concluded a sentence of 24 months' imprisonment was appropriate. Under these

6

circumstances, we conclude that Morgan's sentence, which is at the very bottom of the

Guidelines range, is reasonable in this case.

We have considered Morgan's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK