10-2588-cr (L)
*USA v. Yeagley, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY
*Circuit Judges*,

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                    10-2588-cr (Lead)
                                        11-0098-cr (Con)

RAMEL WILLIAMS, CHRISTOPHER YEAGLEY, AKA TAZ,

*Defendants-Appellants.*

FOR APPELLANTS:     MALVINA NATHANSON, New York, NY, *for Defendant-Appellant Christopher Yeagley, aka Taz.*

                    Larry Sheehan, Law Office of Larry Sheehan, Bronx, NY, *for Defendant-Appellant Ramel Williams.*

FOR APPELLEE:          DIANE GUJARATI, Assistant United States
                       Attorney (Anna M. Skotko, Chi T. Steve
                       Kwok, Assistant United States Attorneys,
                       *on the brief*), *for* Preet Bharara, United
                       States Attorney for the Southern District
                       of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the United States District Court for the Southern District of New York be **AFFIRMED.**

Defendant-Appellant Christopher Yeagley appeals the decision of the United States District Court for the Southern District of New York (Karas, *J.*) denying Yeagley's motion to suppress and the court's unanimity instruction to the jury in response to a question posed by the jury during deliberation.  Defendant-Appellant Ramel Williams appeals from the district court's decision sentencing him to 360 months' imprisonment following Williams's plea of guilty to: (1) conspiring to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count I); (2) distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) (Count III); (3) distributing and possessing

2

with intent to distribute MDMA (ecstasy) in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) (Count IV); (4) possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count V); and (5) using and carrying a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in federal court in violation of 18 U.S.C. § 924(c)(i)(A)(I) (Count VI).

Defendant-Appellant Yeagley argues that the district court erred in denying his motion to suppress heroin seized from the front lawn of Yeagley's home on the morning of his arrest on March 26, 2008. He contends the seizure violated his Fourth Amendment rights. The district court determined that exigent circumstances warranted the officer's seizure of heroin. The officer witnessed Yeagley drop the heroin over a fence and onto Yeagley's front yard. We review a district court's determination of exigent circumstances for clear error. *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990). The seizure occurred at 3:30 a.m. on March 26, 2008 in a high-crime area. Officer Lahar observed Yeagley in a hand-to-hand drug transaction with a third party on the steps leading to Yeagley's home. Officer Lahar drove around the block, stopped his vehicle in front of

3

Yeagley's home, and asked Yeagley and the third party what they were doing. At that point Officer Lahar saw the third party put something in his mouth and Yeagley drop something over a waist-high fence onto his yard. After a backup officer arrived and began to search Yeagley, Officer Lahar looked over the fence in the area where Yeagley had dropped something and saw several packets of heroin. Officer Lahar told the backup officer to place Yeagley in custody, and he then heard Yeagley yell toward his home. Officer Lahar then stepped over the waist-high fence and seized the heroin. All of these facts support the district court's determination that Officer Lahar would have been objectively reasonable in believing that the evidence was at risk of destruction and the officers' safety was threatened. *See United States v. Schaper*, 903 F.2d 891, 894 (2d Cir. 1990). Because we find the district court's determination not clearly erroneous, we affirm its denial of Yeagley's motion to suppress.

Yeagley also appeals the district court's response to a jury question raised on the morning of the second day of deliberations. The jury wrote to the judge asking: "Must we be unanimous on both charges against C. Yeagley? If not, what happens?" Judge Karas explained his interpretation of

the jury's question and asked both defense counsel and the government whether either party had a different view. Both responded "No." Judge Karas also stated his proposed response to the jury's question on the record and asked both defense counsel and the government whether they agreed with the proposed response. Both defense counsel and the government indicated that they did. Judge Karas then instructed the jury accordingly: "The answer is, you must be unanimous as to each of the two charges in the Indictment, and of course Mr. Yeagley is the only person charged, so the answer is you must be unanimous. All right. I hope that answers your question."

On appeal, Yeagley argues that the district court's response was erroneous because it coerced a guilty verdict and deprived Yeagley of a fair trial. But because Yeagley's counsel explicitly accepted the court's proposed instruction before it was given, he has waived his right to challenge that instruction on appeal. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009).

Defendant-Appellant Williams argues that the district court erred in failing to depart downward from the sentencing Guidelines on the basis that his Criminal History Category overstated his actual criminal history and that his

5

360-month sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. The district court's refusal to downwardly depart is unappealable. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006). Williams's sentence does not violate the Eighth Amendment because it is not grossly disproportionate to the crime, is in line with several Supreme Court cases affirming sentences comparable to or longer than Williams's sentence for similar, or less serious crimes, and represents a sentence at the low end of the Guidelines range.

For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk