11-4970-cr
*United States v. Kottage*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen.

PRESENT:
            JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

———————————————————————

 UNITED STATES OF AMERICA,

            *Appellee*,

                    v.                                              No. 11-4970-cr

STEVEN J. KOTTAGE,

            *Defendant-Appellant*,

GENARO R. HATHAWAY, MARY ELLEN DURSO,

            *Defendants.*[1]

———————————————————————

---

[1]  The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR DEFENDANT-APPELLANT:**            Ronald B. Resetarits, *for* Terence S. Ward, Federal Defender, Federal Public Defender's Office, District of Connecticut.

**FOR APPELLEE:**            David T. Huang, Sandra S. Glover, *for* David B. Fein, United States Attorney, United States Attorney's Office for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on November 16, 2011 is **AFFIRMED**.

Defendant-appellant Steven J. Kottage was indicted by a federal grand jury on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, two counts of wire fraud, in violation of 18 U.S.C. § 1343, one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of bank fraud, in violation of 18 U.S.C. § 1344.  On April 21, 2011, Kottage pleaded guilty to the two conspiracy counts.  We assume the parties' familiarity with the background of the case, which we reference only as necessary to explain our decision to affirm.

**BACKGROUND**

After pleading guilty, Kottage sought a sentencing departure based on his alleged diminished mental capacity.  In support of this argument, Kottage submitted a psychological report by Dr. Melanie Scott.  At the sentencing, the District Court heard testimony from Dr. Scott about her report, and she stated that Kottage "was significantly impaired" due to bipolar disorder, which gave him a "higher degree of difficulty in controlling [his] behavior."

Despite Dr. Scott's report and testimony, the District Court declined to depart on the basis of diminished mental capacity, analogizing Kottage's alleged impairment to that faced by a "drug addict[ ] who deal[s] in drugs," and finding that Kottage's conduct "involved deviousness, deceit . . . . [a]nd . . . conscious behavior on [his] part."  The District Court ultimately sentenced Kottage to 41 months' imprisonment, a sentence at the bottom of the Guidelines range of 41-51 months, and five years' supervised release.

Kottage now appeals from the November 16, 2011 judgment of the District Court, challenging his sentence on procedural as well as substantive unreasonableness grounds.

## DISCUSSION

Criminal sentences are reviewed for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). A district court errs procedurally when "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

A district court's "refusal to downwardly depart is generally not appealable." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (quotation marks omitted). An exception to this general rule exists "when a sentencing court misapprehend[s] the scope of its authority to depart or the sentence was otherwise illegal." *Id.* (quotation marks omitted). We presume that a district court understands its authority to depart absent "clear evidence of a substantial risk" to the contrary. *Id.* (quotation marks omitted); *see also United States v. Sero*, 520 F.3d 187, 192 (2d Cir. 2008).

After a careful review of the sentencing transcript, we find no "clear evidence of a substantial risk" that the District Court misapprehended its authority. While the District Court's comments regarding the diminished mental capacity departure ground were brief, the record demonstrates simply that the District Court was not persuaded by Kottage's arguments that such a departure was warranted in the circumstances.

Kottage also claims that his sentence is substantively unreasonable. We disagree because we conclude that this case is not one of those "exceptional cases" in which the imposition of a within-Guidelines sentence is substantively unreasonable. *See Cavera*, 550 F.3d at 189 ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotation marks omitted)); *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). In light of Kottage's central role in two mortgage fraud conspiracies that resulted in losses over $600,000, the District Court's sentence at the bottom of the Guidelines range was not "shockingly high" or "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

**CONCLUSION**

We have considered all of Kottage's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's November 16, 2011 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk