United States v. Duques-Yepes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee*,

            -v-                                          12-433

JOSE DANILO DUQUE GONZALEZ, AKA MONO,

                    *Defendant*,

ALBA LILLIAN DUQUE-YEPES, AKA LA NEGRA,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     BRIAN SHEPPARD, ESQ., New Hyde Park, NY.

Appearing for Appellee:      EDWARD Y. KIM, Assistant United States Attorney, of Counsel
                             (Iris Lan, Assistant United States Attorney, of Counsel, Preet
                             Bharara, Jr. United States Attorney, *on the brief*), Southern District
                             of New York, New York, NY.

        Appeal from the United States District Court for the Southern District of New York
(Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Alba Lillian Duque-Yepes ("Duque") appeals from the district court's January 18, 2012 judgment of conviction and sentence. Duque pled guilty to one count of conspiracy to distribute and possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Duque argues that her Guidelines sentence of 108 months' imprisonment was procedurally unreasonable. "The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). On appeal, our review "encompasses two components: procedural review and substantive review." *Id.* "A district court commits procedural error where it fails to calculate the Guidelines range, makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190 (internal citation omitted). "It also errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* "Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted).

We review the district court under a "deferential abuse-of-discretion standard." *Id.* at 189 (internal quotation marks omitted). However, when a defendant fails to object to procedural error before the district court, "rigorous plain error analysis is appropriate." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

Here, because Duque failed to argue before the district court that her sentence was procedurally unreasonable, we review for plain error. Duque argues that the district court erred by refusing to sentence her below the Guidelines range. However, we have held that the review of such a refusal "will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (internal quotation marks omitted). Here, nothing in the record suggests that the district court failed to understand its authority to depart from the Guidelines range. Insofar as the district court referred to the amount of drugs involved as a reason for imposing a within-Guidelines sentence, that comment, in conjunction with the court's earlier statements at the sentencing hearing, are fairly read to express the view that the frequency and magnitude of Duque's courier transactions offset any argument in favor of a downward departure. The fact that the drug quantity also factored into the calculation of Duque's Guidelines range does not support her claim that the noted reference indicated double counting. To the contrary, the district court was properly explaining why the severity of the crime of conviction, *see* 18 U.S.C. § 3553(a)(2)(A), outweighed any mitigating personal circumstances, *see id.* § 3553(a)(1), so as to support its independent decision to impose a sentence consistent with the Guidelines, *see Gall v. United States*, 552 U.S. 38, 50 (2007).

2

Duque also argues that the district court erred in failing to discuss mitigating arguments that she made in connection with sentencing. "However, there is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006). Accordingly, the district court did not err in its sentence.

We have considered all of Duque's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk