12-1373-cr
United States v. Robinson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT:   RAYMOND J. LOHIER, JR.,
                      SUSAN L. CARNEY,
                              *Circuit Judges,*
                      JED S. RAKOFF,
                              *District Judge.*[*]

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                *Appellee,*

         v.                            No. 12-1373-cr

JASON ROBINSON, AKA MINX,

                *Defendant-Appellant.*

------------------------------------------------------------------

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: JONATHAN J. EINHORN, Law Office of Jonathan J. Einhorn, New Haven, CT.

FOR APPELLEE: SARAH P. KARWAN, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Defendant-Appellant Jason Robinson appeals from a judgment of conviction entered in 2012, following a jury trial. Robinson was convicted of two counts of possession with intent to distribute crack cocaine, and of one count of conspiracy to possess with the intent to distribute crack cocaine. The District Court imposed a sentence of 60 months' imprisonment and a four-year term of supervised release. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision.

Robinson argues that there was insufficient evidence to sustain a conviction on the conspiracy charge. We disagree. On a challenge to sufficiency of the evidence, we "view the evidence in the light most favorable to the prosecution," and "we will affirm the conviction if <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Pica</u>, 692 F.3d 79, 86 (2d Cir. 2012) (brackets and quotation marks omitted). "To prove a conspiracy, the evidence must show that two or more persons agreed to participate in a joint venture intended to commit an unlawful act." <u>United States v. Parker</u>, 554 F.3d 230, 234 (2d Cir. 2009) (quotation marks omitted). "[T]he conspiratorial agreement itself may be established by proof of a tacit understanding among the participants, rather than by proof of an explicit agreement."

United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997).  Here, there was sufficient evidence from which a rational juror could have concluded beyond a reasonable doubt that a conspiracy existed between Robinson and other individuals.

At trial, police officer Bridget Nordstrom testified that, before one drug transaction, Robinson and an unidentified man were riding in a car together, and that before Robinson sold crack cocaine to a confidential informant, the unidentified man conducted "counter-surveillance," including looking in parked cars near the site of the drug deal.  Officer Nordstrom also testified that, before a second drug transaction a few weeks later, Robinson left a residence at 25 Grove Street, followed by an unidentified man who left the same residence about five minutes later.  The confidential informant picked up Robinson in a car that had been outfitted with cameras by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to complete a previously arranged drug purchase.  As corroborated by videotapes that were admitted as evidence at trial, Robinson directed the confidential informant to pull over, and then another man, whom Robinson described as "my man," approached the car and handed Robinson crack cocaine.  Robinson did not pay the man who gave him the crack cocaine, which Robinson then sold to the confidential informant.  Officer Nordstrom testified that the unidentified man she had seen leave 25 Grove Street returned to the residence shortly thereafter, followed a minute or two later by Robinson.

Based on the video evidence and testimony of Officer Nordstrom and the confidential informant, which we must assume that the jury credited, the jury could have concluded that Robinson had entered into a conspiracy with the unidentified men[1] who were involved in the two drug transactions.  The Government was not required to identify these unknown individuals, because a "person can be convicted of conspiring with

_____

[1] The record does not clearly reflect whether it was the same unidentified man involved in both drug transactions.

3

persons whose names are unknown." United States v. Bicaksiz, 194 F.3d 390, 399 (2d Cir. 1999) (quoting Rogers v. United States, 340 U.S. 367, 375 (1951)).

Robinson's argument that the photo identification procedures were inadequate is also without merit. "We review the district court's determination of the admissibility of identification evidence for clear error." United States v. Douglas, 525 F.3d 225, 242 (2d Cir. 2008) (quotation marks omitted). Neither the use of an out-of-date picture of Robinson in the photographic lineup nor the confidential informant's subsequent in-court identification of Robinson was "impermissibly suggestive." Id. (quotation marks omitted). Moreover, we may review the photographic array itself to assess its suggestiveness. See id. Our review of the eight-person photographic array reveals no sign of improper suggestiveness. In addition, the confidential informant's failure to identify Robinson in a separate photograph shown to him by defense counsel during cross-examination fails to establish that the prior identification was unreliable and should not have been admitted.

Finally, Robinson argues that the District Court erred in declining to grant a downward departure and adopt a lower criminal history category pursuant to U.S.S.G. § 4A1.3(b)(1). "[A] refusal to downwardly depart is generally not appealable, and . . . review of such a denial will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (quotation marks omitted). Here, the District Court correctly stated the legal standard and understood the scope of its authority to grant a downward departure, but declined to do so based on a review of Robinson's extensive criminal history. Accordingly, we lack jurisdiction to review its decision not to grant a downward departure. See id.

We have considered all of Robinson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court