12-1397-cr (L)
United States v. Gjoka

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand thirteen.

PRESENT: REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.[*]

----------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                  Nos. 12-1397-cr (Lead)
                                                            12-2620-cr (Con)

PARID GJOKA, ELTON SEJDARIS, a.k.a TONY,
*Defendants-Appellants*.

----------------------------------------------------------------------

APPEARING FOR APPELLANTS:     GLENN A. GARBER, ESQ. (Angharad Vaughan, *on the brief*), New York, New York, *for Appellant* Parid Gjoka.

JOSEPH A. BONDY, ESQ., New York, New York, *for Appellant* Elton Sejdaris.

----

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEE:     ARIANNA R. BERG (Natalie Lamarque, Jennifer G. Rodgers, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on March 28, 2012, with respect to Parid Gjoka, and June 19, 2012, with respect to Elton Sejdaris, are AFFIRMED.

Parid Gjoka and Elton Sejdaris stand convicted on guilty pleas to Informations charging them with various drug trafficking, firearms, and violent crimes resulting from their involvement with organized criminal schemes. Defendants now appeal the reasonableness of the 100-month prison sentence each received, arguing that the district court failed both to accord sufficient mitigating weight to their cooperation and to avoid disparity with sentences imposed on other persons involved in the same criminal scheme. Whether defendants identify these alleged errors as procedural or substantive, we review for abuse of discretion. See Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Gjoka

   a.      Procedural Reasonableness

Gjoka submits that his sentence is infected by procedural error because the district court failed to accord sufficient mitigating weight to the substantial assistance he provided to the government.  While we recognize that Gjoka, as well as Sejdaris, provided extraordinary assistance that resulted in numerous successful prosecutions for a range of criminal activity, including murders, the record does not demonstrate procedural error in the district court's consideration of this assistance.

Nothing in the record indicates that the district court misapprehended the scope of its sentencing discretion either pursuant to U.S.S.G. § 5K1.1 or United States v. Booker, 543 U.S. 220, 261–62 (2005); miscalculated Gjoka's applicable Guidelines range; failed to consider the 18 U.S.C. § 3553(a) factors; or relied on a clear error of fact.  See United States v. Cavera, 550 F.3d at 190 (describing such possible procedural errors).  In the absence of any such error, "we will not second guess the weight (or the lack thereof) that the judge accorded to a given factor" in deciding on the appropriate sentence.  United States v. Pope, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted).  Indeed, that conclusion applies with particular force where, as here, such a challenge pertains to the extent of a departure granted by the district court.  See United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006).

The district court clearly understood its discretion to mitigate sentence for cooperation and, indeed, exercised it.  The court stated:

3

> I have considered [that Gjoka] was truthful and his testimony was corroborated by other sources, and he did not speculate or exaggerate. I have considered that the nature of his assistance was varied and spanned now several years. I have considered that his assistance has come at a personal cost, and that as a result of his assistance, he has placed himself and his family at risk. I have considered that his assistance quickly followed his arrest and did not abate.

Sentencing Tr. 26:13–20. In consideration of these circumstances, the district court imposed a sentence more than ten years below the bottom of the recommended 248-to-295-month Guidelines range. In doing so, it reviewed on the record the serious criminal conduct and history informing Gjoka's Guidelines range, as well as the mitigating factors supporting departure. It confirmed its consideration of all relevant § 3553(a) factors. On this record, we identify no procedural error in the district court's departure for cooperation. See United States v. Johnson, 567 F.3d 40, 52 (2d Cir. 2009) ("[A] district court alone may determine what effect to give a 5K1.1 letter.").

b. Substantive Reasonableness

Gjoka's substantive challenge to his sentence also fails because the 100-month prison term cannot be said to fall outside "the range of permissible decisions" available to the district court. United States v. Cavera, 550 F.3d at 189; see United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (observing that, on substantive review, appeals court "determine[s] whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances").

Insofar as Gjoka urges otherwise by arguing the disproportionality of his sentence compared to others participating in the same or a related criminal scheme, the argument fails

as a matter of both fact and law. As Gjoka himself acknowledges, the district court did take account of confederates' sentences in explaining its decision to sentence Gjoka to 100 months. Once it had done so, "the weight to be given [any] disparities" in their sentences, "like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Florez, 447 F.3d 145, 158 (2d Cir. 2006) (internal quotation marks and alterations omitted). In making that last assessment, we ask not whether we would ourselves have imposed the challenged sentence, but whether it falls within the range of permissible decisions available to the district court. See United States v. Cavera, 550 F.3d at 189. Having concluded that it does, we reject Gjoka's substantive challenge to his sentence as meritless.

2     Sejdaris

Insofar as Sejdaris also challenges the substantive reasonableness of his sentence on grounds of disproportionality to the sentences of various confederates, the argument fails on the merits for the same reasons we rejected Gjoka's substantive challenge.

Like Gjoka, Sejdaris also faults the district court for not according more weight to his cooperation. That he casts this argument as substantive rather than procedural warrants no different outcome. The record of Sejdaris's sentence shows that the district court understood its § 5K1.1 and Booker discretion to mitigate his sentence, carefully considered facts demonstrating Sejdaris's extensive cooperation, and determined that "a significant downward

5

departure" was warranted. Sentencing Tr. 45:22–23. Although Sejdaris urges us to construe the district court's statement that time served was not "an option here," id. at 6:1, to evidence a mistaken view that it lacked authority to impose such a sentence, in context, the statement can only be understood to signal the district court's assessment that such a sentence would not be "sufficient" to satisfy the sentencing objectives of 18 U.S.C. § 3553(a).

As a result of his "serious and violent crimes over a long period of time," id. at 5:23–24, Sejdaris's recommended Guidelines sentence exceeded 40 years' imprisonment—a 108-to-135-month range plus 32 years' further imprisonment on weapons charges. Based on his assistance to the government, the district court sentenced him to 100 months—slightly more than 8 years. Sejdaris, and even the government, may have hoped for more consideration, but we cannot conclude that the sentence falls outside the range of permissible choices available to the district court, see United States v. Cavera, 550 F.3d at 189, much less that it so "shocks the conscience" as to be substantively unreasonable, United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

3.    Conclusion

Having identified no merit in defendants' reasonableness challenges to their sentences, the district court's judgments are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6