12-2770-cr
*United States v. Morillo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand and thirteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

            *Appellee,*


            -v.-                                                No. 12-2770-cr


JOEL JESUS MORILLO,

            *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Jesse M. Siegel, New York, NY.

**FOR APPELLEE:**                     Brian A. Jacobs, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.


Appeal from the judgment, entered June 29, 2012, of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Joel Jesus Morillo appeals the judgment of the District Court sentencing him principally to 100 months' imprisonment after he pleaded guilty, pursuant to a cooperation agreement, to conspiracy to distribute and to possess with intent to distribute various controlled substances in violation of 21 U.S.C. § 846. Morillo contends that the sentence imposed by the District Court was both procedurally and substantively unreasonable.

## BACKGROUND

After his arrest in 2010, Morillo pleaded guilty pursuant to a cooperation agreement with the Government. Thereafter, he did in fact provide substantial assistance, including participating in numerous proffer sessions, wearing a wire, and testifying against a co-defendant. As part of his cooperation, Morillo was required to, and did, disclose all criminal activity in which he had been involved. Notably, this involved a substantially larger quantity of drugs than the amount for which he had initially been arrested.

Before sentencing, the Government submitted a letter pursuant to Section 5K1.1 of the United States Sentencing Guidelines which recounted Morillo's cooperation and recommended that he receive a downward departure from his Guidelines range. In its presentence report, the United States Probation Office ("Probation Office") calculated Morillo's Guidelines range as 135 to 168 months, based on the fully disclosed amount of drugs activity. However, the Probation Office recommended a sentence of time served (approximately 20 months).

At sentencing, Judge Forrest imposed a sentence of 100 months' imprisonment, to be followed by supervised release for five years.

## DISCUSSION

"Criminal sentences are generally reviewed for reasonableness, which requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Chu,* 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). As we have explained, "[a] district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson,* 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court errs substantively "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal citation omitted). "[W]hen

conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190.

## A. "Procedural Unreasonableness"

Morillo contends the District Court erred by failing to consider (1) the effect Morillo's sentence would have on general deterrence; (2) the sentencing range Morillo would have faced had he not cooperated; (3) whether the sentence would promote respect for the law; and (4) the risk of injury Morillo took by exposing himself to a higher sentencing range by disclosing his full criminal history.

We have reviewed the sentencing proceedings and find no procedural error. As an initial matter, Morillo concedes that the District Court correctly calculated his Guidelines sentencing range. The District Court properly treated the Guidelines as advisory, and specifically stated that it was "weighing all of the factors . . . under 3553(a)." In doing so, it explained the reasons for the sentence in great detail, and the facts on which the sentence was based were amply supported by the record.

That Morillo was a cooperator does not change this analysis. The District Court clearly understood its discretion to mitigate Morillo's sentence based on his cooperation and, indeed, exercised it. As it was required to do, the District Court considered Morillo's cooperation. In doing so, Judge Forrest expressly stated that she was balancing Morillo's criminal conduct against his cooperation: "[H]is assistance was substantial, and the Court has that on one side of the ledger and is weighing against that how serious the offense was in terms of the totality of all of the drugs that were involved." That she chose not to give greater weight to the cooperation and the 5K1.1 letter does not rise to the level of an error or an "abuse of discretion," or make the sentence procedurally unreasonable. *See United States v. Johnson,* 567 F.3d 40, 52 (2d Cir. 2009) ("[A] district court alone may determine what effect to give a 5K1.1 letter . . . .").

## B. "Substantive Unreasonableness"

Morillo next contends that the District Court erred by imposing a sentence that was higher than the advisory sentencing range he would have faced had he not cooperated. This is because he had to "come clean" about other narcotics activity as part of his cooperation, which led to a higher Guidelines range based on the larger amount of drugs. Morillo concedes that he has no legal authority to support this argument. This argument fails both as a matter of fact and of law.

As a factual matter, Morillo faced a mandatory minimum sentence of ten years for the count to which he pleaded guilty. *See* 21 U.S.C. § 841(b)(1)(A). Therefore, although Morillo's Guidelines range absent cooperation may have been lower, the District Court would have been constrained to

sentence him to 120 months. With the benefit of his 5K1.1 letter, however, Morillo received a sentence that departed downward from that "mandatory" minimum. Such a downward departure was unavailable to him absent a 5K1.1 letter or "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and Section 5C1.1 of the Guidelines. Both of these routes required Morillo truthfully to disclose his additional narcotics trafficking activity, beyond the conduct for which he was arrested. Thus, the only way for Morillo to avoid a 120-month mandatory minimum was to disclose his other crimes, thereby raising his Guidelines range to 135 to 168 months' imprisonment. Morillo voluntarily chose to do so. Accordingly, it is simply wrong to state that the 100-month sentence imposed was higher than what he would have faced had he not cooperated.

Even if that were not so, it would not alter our conclusion. "Where, as here, we have identified 'no significant procedural error . . ., a reviewing court then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,' taking 'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Rigas*, 583 F.3d 108, 121–22 (2d Cir. 2009) (omission in original) (quoting *Cavera*, 550 F.3d at 200 (Raggi, *J.,* concurring)). Here, Judge Forrest substantially departed downward from the Guidelines range, and sentenced the defendant to a term of imprisonment that was 20 months below the mandatory minimum. Morillo quibbles only with the *extent* of the downward departure. However, while we recognize the importance of giving cooperators "credit" for their assistance to law enforcement, our role is not to ask whether we would ourselves have imposed the 100-month sentence, but rather, to determine whether it falls within the range of permissible decisions available to the District Court. Judge Forrest appropriately exercised that discretion here. *See United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) ("In the absence of clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority, we presume that a sentence judge understood the scope of his authority." (internal quotation marks omitted)). In addition, we cannot conclude that Morillo's sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *Rigas*, 583 F.3d at 123–24 (internal quotation marks omitted).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered June 29, 2012.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court