*United States v. Mayes (Myrick)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 14th day of November, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                 RAYMOND J. LOHIER, JR.,
                 CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

                    v.                                                      No. 16-2749

DANIEL MYRICK, also known as Curnull,

                            *Defendant-Appellant*,

ANTHONY MAYES, JR., ANTOINE MAYES,

                            *Defendants*.

_____

For Defendant-Appellant:        Thomas F. X. Dunn, New York, NY.

For Appellee:                            Alicyn L. Cooley (Richard M. Tucker and Susan Corkery,
                                                Assistant United States Attorneys, Of Counsel, *for* Bridget M.
                                                Rohde, Acting United States Attorney for the Eastern District
                                                of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Daniel Myrick appeals from a final judgment entered by the district court (Ross, *J.*) on July 26, 2016, sentencing him principally to 204 months' imprisonment for one count of racketeering conspiracy and two counts of murder in aid of racketeering. Prior to sentencing, the government filed a letter motion seeking a sentence below the mandatory minimum of life imprisonment, pursuant to § 5K1.1 of the United States Sentencing Guidelines, based on Myrick's substantial assistance to the government. *See* 18 U.S.C. § 3553(e). Myrick challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Among the ways in which a district court may commit procedural error are where "it does not consider the § 3553(a) factors" or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). This Court's "review of a sentence for substantive reasonableness is particularly deferential[,] . . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

With respect to procedural reasonableness, Myrick stresses that the district court did not consider the loss of his father at a young age, Myrick's purported history of concussions, or Myrick's purported history of depression. Myrick contends that these omissions, combined with the district court's statement at sentencing that there was "little in defendant's personal history [other than his cooperation] that [could] be considered truly mitigating," Joint App. 88, indicate that the district court did not "thoroughly consider [Myrick's] personal history and characteristics in determining an appropriate sentence," Appellant's Br. 17. Because Myrick did not object to the procedural reasonableness of his sentence in the proceedings below, this challenge is reviewed for plain error. *See United States v.Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007).

The sentencing transcript reveals that the district court was engaged in the sentencing hearing, paid attention to the arguments, and felt strongly that a relatively lengthy sentence was warranted given Myrick's violent conduct, even when accounting for his substantial cooperation. The district court did not make any statement that would suggest that it had misapprehended the record or overlooked Myrick's arguments. Given that we do not "insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually," we cannot say that the district court committed procedural error, let alone plain procedural error, in considering Myrick's history and characteristics. *Id.* at 210. Moreover, "[t]he particular weight to be afforded aggravating and mitigating factors," including pertinent aspects of a defendant's personal history, "'is a matter firmly committed to the discretion of the sentencing judge.'" *Broxmeyer*, 699 F.3d at 289 (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).

As for the substantive reasonableness of his sentence, Myrick hinges his challenge on the fact that he was initially offered a plea bargain before agreeing to cooperate, under which he

would have faced a maximum sentence of 20 years. But what sentence Myrick may have received had he accepted that plea offer is neither here nor there, as the government's offer was made before the government knew that Myrick had committed a murder in cold blood at the direction of his co-defendant, Anthony Mayes, Jr., and before Myrick pleaded guilty to a superseding information charging him for that murder. That Myrick disclosed this murder to the government when the case had been cold for years does not absolve him of culpability. And that Myrick might regret his voluntary choice to cooperate does not render his 17-year sentence for his participation in two murders (among other things) substantively unreasonable. *See United States v. Morillo*, 540 F. App'x 63, 66 (2d Cir. 2013) (rejecting argument that cooperator's sentence was substantively unreasonable because his disclosure of additional criminal activity diminished the benefit of cooperation). Finally, though Myrick served 100 months in prison for narcotics-related conduct that overlapped with the instant offense, that criminal conduct was far less serious than the violent conduct for which Myrick was convicted in this case. Myrick's prior sentence thus does not bear materially on the substantive reasonableness of his current sentence.

We have considered all of the defendant's arguments on this appeal and find in them no basis for vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK